# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN J. HUBBARD; BARBARA HUBBARD,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>YARDAGE TOWN, INC. d/b/a YARDAGE TOWN; STANCIL G. JONES,<br><br>　　　　　　　　Defendants. | CASE NO. 05-CV-104 – IEG (BLM)<br><br>**ORDER: 1) DENYING APPELLANT'S APPLICATION TO FILE EX PARTE; and 2) DENYING REQUEST FOR IN CAMERA REVIEW**<br><br>**[Doc. No. 106]** |

Presently before the court is David W. Peters's ("appellant") application to file his supersedeas bond *ex parte* and request for an *in camera* review of relevant bond documents. (Doc. No. 106.)

On July 5, 2007, the court granted appellant's motion to file under seal certain documents related to a supersedeas bond. (Doc. No. 99.) Also in the order, the court ordered appellant to file an appropriate supersedeas bond within 14 days from the date the order was filed, i.e., July 19, 2007. (Id.) On July 13, 2007, the court granted plaintiff's motion to file abstracts of judgment under seal.

Thereafter, appellant submitted a supersedeas bond to the court for approval. However, the bond was not approved and the documents were returned because appellant was not simply seeking to file the bond documents under seal (i.e., preventing public access), but also to file the bond documents *ex parte* (i.e., without proper service to opposing counsel), which the court did not

authorize in its July 5, 2007 order. On September 17, 2007, plaintiff filed an application for writ of execution because appellant had failed to file a supersedeas bond in a timely fashion. On September 19, 2007, appellant submitted a "Notice of Preliminary Filing of Documents," which again did not serve plaintiffs with the relevant bond documents. On September 20, 2007, appellant filed the instant motions, (Doc. No. 106), and plaintiff filed an opposition on September 25, 2007, (Doc. No. 107).

In his instant motions, appellant requests the court allow him to file bond documents that contain information about the personal residences of the proposed Bond Sureties[1] without serving the documents on opposing counsel. Appellant also requests *in camera* review of these documents. Appellant claims the personal safety of the proposed Bond Sureties would be at risk if their personal residences were disclosed to plaintiffs' counsel. Appellant claims people associated with plaintiffs' counsel have attempted to retaliate against appellant and appellant's clients for actions unrelated to the instant litigation. Plaintiff argues appellant's allegations are outlandish and unfounded accusations. Plaintiff's counsel further argues appellant's fanciful claims are insufficient to depart from the general requirement that all filings must be served to opposing counsel. The court agrees.

In its July 5, 2007 order, the court stated its rationale for allowing appellant to file under seal was grounded in the privacy concerns of his family members and not appellant's allegations of misconduct by plaintiff's counsel and their associates. (Doc. No. 106.) In other words, the court allowed the documents to be filed under seal to prevent the general public from accessing personal information. The court did not credit appellant's allegations about the potential retaliatory actions by certain individuals, most of whom are not involved in this lawsuit. Furthermore, there are no specific factual allegations or evidence of misconduct by plaintiffs' counsel, Lynn Hubbard, Scottlynn Hubbard, and Mark Potter.[2] Accordingly, appellant has not established adequate reasons why he should be exempted from the requirement to serve litigation filings to opposing counsel. See Local Civil Rule 83.3.

---

[1] The proposed Bond Sureties are David Peters and Joseph Andrews. (Doc. No. 106 at 2 n.1.)

[2] Plaintiffs' attorneys, as well as appellant, are bound by both Rules of Professional Conduct of the State Bar of California and Local Civil Rule 83.4-83.5, which sets a standard of conduct for attorneys appearing before the court. As such, appellant should be assured plaintiffs' counsel will not disseminate or utilize information related to this litigation to endanger appellant or his family.

1  The court ordered appellant to file a supersedeas bond for approval by the court no later than
2  July 19, 2007.  (Doc. No. 99.)  As of the date of this order, more than two and a half months after the
3  court's July 5, 2007 order, no proper supersedeas bond has been filed or approved by the court.
4  Accordingly, execution of judgment has not been stayed.  See Fed. R. Civ. P. 62(d) ("When an appeal
5  is taken, the appellant by giving a supersedeas bond may obtain a stay . . . .  The bond may be given
6  at or after the time of filing the notice of appeal . . . .  **The stay is effective when the supersedeas**
7  **bond is approved by the court**.") (emphasis added).  Moreover, as reflected on the court's docket,
8  the Clerk of Court issued abstracts of judgment and a writ of execution on September 18, 2007.[3]  (Doc.
9  Nos. 103, 105.)  The court will take no further action absent appropriate application by appellant.  For
10  the foregoing reasons, the court hereby: 1) **DENIES** plaintiff's "ex parte application for relief from
11  the customary requirement to serve opposing counsel"; and 2) **DENIES** plaintiff's ex parte request
12  for *in camera* review.

13  **IT IS SO ORDERED.**

15  **DATED:  September 28, 2007**

*Irma E. Gonzalez*
**HON. IRMA E. GONZALEZ, Chief Judge**
United States District Court
Southern District of California

---

[3] The court notes that the abstracts of judgment, which were issued by the Clerk of Court on September 18, 2007 upon application by plaintiff, contains the judgment debtor's name (i.e., appellant) and the address of his last known residence.